**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

KEN KENYATTA WILSON,

    Plaintiff,

v.                                                                           Case No. 22-10104

UNITED STATES OF AMERICA,

    Defendant.
_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Plaintiff Ken Kenyatta Wilson is currently incarnated at FCI Milan in Milan, Michigan. Plaintiff, who has been charged with several Federal crimes stemming from an alleged March 2021 bank robbery, is being detained pending trial. *See United States v. Wilson*, No. 21-CR-20283 (E.D. Mich. April 12, 2021) (ECF No. 8). Plaintiff has filed this *pro se* civil complaint against the United States "as a corporation" presenting a scattered mass of alleged claims. (*See* ECF No. 1.) When filing his complaint, Plaintiff also included an *In Forma Pauperis* "Affidavit" ("IFP") requesting that he be allowed to proceed without prepaying the requisite filing fee. (ECF No. 2.) The court issued a notice of deficiency on January 18, 2022, directing Plaintiff to either pay the filing fee or submit a proper IFP Application. On February 11, 2022, the court received Plaintiff's IFP application on this court's standardized form, but Plaintiff disregarded the part of the form indicating that "incarcerated" individuals must attach a certified statement showing the balance of "any institutional account" for "the last six months." (*See* ECF No. 6, PageID.228.) Instead, Plaintiff wrote on the application that the requirement was not

applicable to him because "I am a pre-trial detainee, NOT a convicted felon subject to the Prison[] Litigation Reform Act." (*Id.*) Plaintiff is incorrect.

Under the Prison Litigation Reform Act ("PLRA"), "a prisoner [who] brings a civil action or files an appeal in forma pauperis ... shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The IFP statute provides prisoners the opportunity to make a down payment of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b); *see also Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). A Plaintiff who seeks pauper status in federal court must file a form or affidavit which sets forth all of the assets possessed by that individual; a failure to file the required affidavit mandates that the pauper request be denied. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997).

An incarcerated Plaintiff who seeks to file a complaint as a pauper must file an affidavit of indigency and *a certified copy of the trust fund account statement* for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997). The affidavit must include "a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor[,]" and must also "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). A plaintiff who does not pay the full filing fee and fails to provide the required documents must be notified of the deficiency and granted 30 days to correct it or pay the full fee. *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (citing *McGore*, 114 F. 3d at 605). "If the prisoner does not correct the deficiency, the

district court must presume that he or she is not a pauper, assess the full fee, and order the case dismissed for want of prosecution." *Id.*

Here, the court already issued a deficiency notice in January 2022, but Plaintiff has failed properly correct his application by including a certified statement showing the balance of his prison trust account. While Plaintiff asserts, in his IFP application, that he does not need to provide a copy of his trust fund account because he is a pre-trial detainee, the plain language of the PLRA makes clear that the requirement to "submit a certified copy of the trust fund account statement (or institutional equivalent)" applies to any "prisoner." *See* 28 U.S.C. § 1915(a)(2). The PLRA specifically defines who constitutes a "prisoner" for purposes of the Act; it states that "the term 'prisoner' means any person incarcerated or detained in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § §1915(h) (emphasis added). Because Plaintiff has been "accused of" a crime, for the purposes of the IFP statute, he is a "prisoner" who needs to include a trust account statement with his application. *See id.* Plaintiff did not pay the applicable filing fee, and his IFP application remains deficient, so the complaint must be dismissed without prejudice.[1] *See Moore v. Vantifflin*, Case No. 2:08-cv-15168, 2009 WL 224548, *1 (E.D. Mich. January 30, 2009) (Rosen, J.). Accordingly,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is DENIED.

---

[1] Plaintiff is also advised that refiling his complaint, in its current form, after paying the filing fee is likely to result in the complaint being screened and dismissed because it

IT IS ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

            s/Robert H. Cleland         /
            ROBERT H. CLELAND
            UNITED STATES DISTRICT JUDGE

Dated: July 6, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 6, 2022, by electronic and/or ordinary mail.

            s/Lisa Wagner         /
            Case Manager and Deputy Clerk
            (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\22-10104.WILSON.DenyingIFP.AAB.docx

---

appears frivolous and is largely indecipherable. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 (1989) (explaining that an action is frivolous within the meaning of 28 U.S.C. §1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations).