UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KEN KENYATTA WILSON,

    Plaintiff,

v.                                      Case No. 22-10104

UNITED STATES OF AMERICA,

    Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Plaintiff Ken Kenyatta Wilson is currently incarnated at FCI Milan in Milan, Michigan. In January 2022, Plaintiff filed this *pro se* civil action against the United States "as a corporation" presenting a scattered mass of alleged claims, and Plaintiff sought *In Forma Pauperis* status so he could proceed without paying the requisite filing fee. (*See* ECF Nos. 1, 2.) Because Plaintiff failed to attach "a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint" and did not correct the error when notified of the deficiency or pay the filing fee, the court dismissed Plaintiff's complaint without prejudice. (*See* ECF No. 7, PageID.233 (citing *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003)).)

Presently before the court is Plaintiff's motion seeking reconsideration of the court's July 2022, Opinion and Order dismissing his complaint. (*See* ECF No. 8.) The Local Rule governing motions for reconsideration requires that "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)," *See* Local Rule 7.1(h)(1). "The purpose of Rule 59(e) is

to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotations omitted). "A district court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A Rule 59 motion may not be used to relitigate issues of disagreement with the court's initial ruling. *See, e.g., Howard*, 533 F.3d at 475 (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case' "); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.").

    Here, Plaintiff makes no serious effort at identifying an error in the court's legal reasoning or pointing to new evidence. And, Plaintiff has still not provided a certified trust account statement. Instead, he mostly rehashes the alleged merits of his complaint. (*See* ECF No. 8, PageID.237-41.) Toward the end of the motion, Plaintiff also requests that the court "contact Shaka Noble Wilson," presumably Plaintiff's relative, and requests that she "pay the civil lawsuit filing fee." (*Id.*, PageID.242.) It is clearly beyond the role of this court, however, to solicit momentary contributions on Plaintiff's behalf. Because Plaintiff has failed to demonstrate any basis for post-judgment relief, his motion for consideration will be denied. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Reconsideration" (ECF No. 8) is DENIED.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 23, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 23, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\22-10104.WILSON.Reconsideration.AAB.docx